IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL A. ROSS, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action 1:06-cv-00593 (CKK) |
| DEPARTMENT OF CORRECTIONS, ) | |
|   et al., ) | |
| ) | |
|       Defendants. ) | |

## ANSWER OF CORRECTIONS CORPORATION OF AMERICA

Defendant Corrections Corporation of America, by and through counsel, hereby submits the following as its Answer to Plaintiff's Complaint:

### COMPLAINT

1. Defendant denies the allegations contained in the first unnumbered Paragraph of Plaintiff's Complaint.

2. Defendant denies the allegations contained in the second unnumbered Paragraph of Plaintiff's Complaint.

3. Defendant denies the allegations contained in the third unnumbered Paragraph of Plaintiff's Complaint.

4. The allegations contained in the fourth unnumbered Paragraph of Plaintiff's Complaint are not directed to this answering Defendant. Therefore, no answer is required and none is given. To the extent that the fourth unnumbered Paragraph of Plaintiff's Complaint requires an answer, Defendant denies the allegations contained therein.

5. The allegations contained in the fifth unnumbered Paragraph of Plaintiff's Complaint are nothing more than characterizations of Plaintiff's claims to which no response is

required. To the extent that a response is required, Defendant denies the allegations contained in the fifth unnumbered Paragraph of Plaintiff's Complaint.

6. The allegations contained in the sixth unnumbered Paragraph of Plaintiff's Complaint are not directed to this answering Defendant. Therefore, no answer is required and none is given. To the extent that a response is required, this answering Defendant denies the allegations contained in the sixth unnumbered paragraph of Plaintiff's Complaint.

7. Defendant denies the allegations contained in the seventh unnumbered Paragraph of Plaintiff's Complaint.

8. Defendant denies the allegations contained in the eighth unnumbered Paragraph of Plaintiff's Complaint.

### Prayer For Relief

Defendant denies that Plaintiff is entitled to any of the relief he seeks.

### Denial of Matters Not Specifically Admitted

Defendant denies each and every allegation in Plaintiff's Complaint not specifically admitted herein. Defendant further denies that it is liable to Plaintiff under any theory of law or fact.

### ADDITIONAL AND AFFIRMATIVE DEFENSES

1. As a separate defense, or in the alternative, this answering Defendant asserts that the Plaintiff's injuries, losses and damages were the result of an assumption of risk by Plaintiff.

2. As a separate defense, or in the alternative, this answering Defendant asserts that the Plaintiff was comparatively negligent, which would diminish or eliminate Plaintiff's right to recover under certain claims for relief against this answering Defendant.

3. As a separate defense, or in the alternative, this answering Defendant asserts that the Plaintiff's injuries, losses and damages, if any, were the result of the negligence of someone

2

other than this answering Defendant, thereby reducing or eliminating any damages owed by this answering Defendant.

4. As a separate defense, or in the alternative, this answering Defendant asserts that the actions or inactions alleged on the part of this answering Defendant were not the proximate cause of and injuries, losses and damages to Plaintiff.

5. As a separate defense, or in the alternative, this answering Defendant asserts that Plaintiff's allegations arose as a result of Plaintiff's own negligence, not the acts or omissions of this answering Defendant, thereby warranting dismissal of this lawsuit.

6. As a separate defense, or in the alternative, this answering Defendant asserts that Plaintiff's injuries may be the result of pre-existing injuries or medical conditions unrelated to those alleged to have occurred in the subject accident which may bar recovery or reduce recovery to the Plaintiff herein from this answering Defendant.

7. As a separate defense, or in the alternative, this answering Defendant asserts that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

8. As a separate defense, or in the alternative, Defendant asserts that the actions of its employees were objectively reasonable under the circumstances and it was acting in good faith and without malice.

9. As a separate defense, or in the alternative, this answering Defendant asserts that its conduct was not negligent and did not violate the applicable standard of care.

10. As a separate defense, or in the alternative, this answering Defendant asserts that Plaintiff did not suffer any injuries or damage for which he may recover from this answering Defendant.

11. As a separate defense, or in the alternative, this answering Defendant asserts that it did not owe the Plaintiff a duty of care under any common law statute or regulation.

12. As a separate defense, or in the alternative, this answering Defendant asserts that it did not breach any duty to Plaintiff.

13. As a separate defense, or in the alternative, this answering Defendant asserts that Plaintiff's allegations arose as a result of Plaintiff's conduct, not the act or omissions of this answering Defendant, thereby warranting dismissal of this lawsuit.

14. As a separate defense, or in the alternative, this answering Defendant asserts that Plaintiff failed to mitigate his damages, thereby reducing or eliminating any damages owed by this answering Defendant.

15. As a separate defense, or in the alternative, Defendant asserts that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the federally protected rights of others.

16. As a separate defense, or in the alternative, Defendant asserts that Plaintiff suffered no actual injury in regard to certain claims contained in Plaintiff's Complaint, therefore warranting dismissal of these claims.

17. As a separate defense, or in the alternative, Plaintiff has failed to sufficiently allege that CCA had a custom, and policy or practice which was the moving force behind the alleged violations to Plaintiff's constitutional rights.

18. As a separate defense, or in the alternative, Defendant asserts that it did not create a dangerous environment for the Plaintiff. As a separate defense, or in the alternative, Defendant alleges that it did not consciously disregard a substantial threat to Plaintiff's safety, which resulted in injury.

19. As a separate defense, or in the alternative, Defendant asserts that Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), thereby warranting dismissal of this case.

20. As a separate defense, or in the alternative, Defendant asserts that it did not deliberately deny and delay medical care to Plaintiff, knowing that such a denial would cause injury to the Plaintiff, aggravate a pre-existing injury or adversely affect a medical prognosis.

21. As a separate defense, or in the alternative, Defendant asserts that it did not act with deliberate indifference to Plaintiff's medical concerns in this matter.

22. As a separate defense, or in the alternative, Defendant asserts that Plaintiff's mail was distributed according to applicable policy and procedures.

23. As a separate defense, or in the alternative, Defendant asserts that Plaintiff participated in a safety training class before beginning his culinary work at Correctional Treatment Facility.

24. As a separate defense, or in the alternative, Defendant asserts that safety signage was placed in the kitchen at Correctional Treatment Facility.

25. As a separate defense, or in the alternative, Defendant asserts that Plaintiff's Complaint fails to comply with Rule 10(b) of the Federal Rules of Civil Procedure, which requires that all averments of claim shall be made in numbered paragraphs.

26. Although Defendant does not presently have facts in support of the following defenses, Defendant will assert the following affirmative defenses, set forth in Rule 8(c) and Rule 12 of the Federal Rules of Civil Procedure, should subsequent discovery reveal these defenses are appropriate: arbitration and award, assumption of risk, contributory negligence,

duress, estoppel, fraud, illegality, release, res judicata, waiver, insufficiency of process and insufficiency or service of process.

27.     This answering Defendant reserves the right to amend its Answer to Plaintiff's Complaint, to assert additional defenses, or delete or withdraw defenses, and to add counterclaims as may become necessary after reasonable opportunity for discovery has occurred.

28.     This answering Defendant demands a jury trial as to all triable issues.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Corrections Corporation of America requests that the claims against it be dismissed, that judgment be entered in favor of Defendant, that it be awarded its reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and for such other and further relief as the Court deems just and proper. Defendant demands a jury trial as to all triable issues.

Respectfully submitted,

CORRECTIONS CORPORATION OF AMERICA

By      /s/ Megan S. Ben'Ary
                Counsel

Kelvin L. Newsome (D.C. Bar No. 439206)
Megan S. Ben'Ary (D.C. Bar No. 493415)
LeClair Ryan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
(703) 684-8007 (telephone)
(703) 684-8075 (facsimile)

        Daniel P. Struck (D.C. Bar No. CO037)
        Jennifer L. Holsman (D.C. Bar No. 495296)
        Jones, Skelton & Hochuli, P.L.C.
        2901 North Central Avenue, Suite 800
        Phoenix, AZ  85012
        Telephone:  (602) 263-1700
        Facsimile:  (602) 263-1784

        *Counsel for Defendant Corrections Corporation of America*

Filed electronically this 5th day of May, 2006.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Answer was sent via first-class mail, postage prepaid, this 5th day of May, 2006, to the following:

    Samuel A. Ross
    DC-DOC 211-239
    1901 E Street, S.E.
    Washington, DC 20003
    *Pro Se Plaintiff*

        /s/ Megan S. Ben'Ary