**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Samuel A. Ross, | |
| Plaintiff, | |
| v. | C.A. No.: 06-0593 (CKK) |
| Department of Corrections, *et al.*, | |
| Defendants. | |

**DEFENDANT DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, the District of Columbia Department of Corrections, by and through counsel respectfully moves this Honorable Court, pursuant to Federal Rules of Civil Procedure 12(b)(6), for an Order dismissing plaintiff's complaint against it on the following grounds:

1.      The Department of Corrections is *non sui juris*. Although the District of Columbia is the real party in interest, it should not be substituted as the party defendant in this case because plaintiff has failed to state a claim against the District of Columbia for which he is entitled to relief.

2.      Plaintiff failed to exhaust his administrative relief prior to filing this lawsuit.

3.      Plaintiff's Complaint fails to state a claim for municipal liability under 42 U.S.C. § 1983.

4.      The allegations in plaintiff's complaint do not rise to the level of a constitutional violation.

5.      Plaintiff failed to allege actual injuries that he suffered as a result of the alleged destruction of legal documents.

6.      Any common law claims should be dismissed for lack of subject matter

jurisdiction.

In support thereof, defendant refers this Court to the attached memorandum of points and

authorities.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

        /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

        /s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 727-6295
Leticia.Valdes@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Motion to Dismiss Plaintiffs'

Complaint, Memorandum of Points and Authorities in Support thereto, and proposed Order was

mailed, first class, postage prepaid, this 16th day of May 2006, to:

Mr. Samuel A. Ross
DC-DOC 211-239
1901 E. Street, S.E.
Washington, D.C. 20003

        /s/ Leticia L. Valdes
LETICIA L. VALDES
Assistant Attorney General

2

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

Samuel A. Ross,

        Plaintiff,

        v.

Department of Corrections, *et al.*,

        Defendants.

C.A. No.: 06-0593 (CKK)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS**

**Preliminary Statement**

Plaintiff filed the instant action on March 30, 2006, against the Department of

Corrections and the Corrections Corporation of America, Central Treatment Facility Culinary,

Security and Well Being.  Plaintiff allege s that on July 25, 2005, he was working in the

"culinary" when he slipped across the floor and fell. *See* Complaint, generally.  According to the

plaintiff, the floor was covered with grease, water and other food particles. *Id*. Plaintiff states that

he was taken to "medical" where he was examined by a nurse. *Id*. After the examination,

plaintiff claims that the nurse told him "I don't see any swelling," and he was given two broken

ice packs and sent back to work. *Id*.

The plaintiff then alleges that he was in too much pain to return to work so he went back

to his block, laid down and borrowed some Ibuprofen.  *Id*. Thereafter, plaintiff contends that he

started writing grievances and "sick call slips," and that he was told by his lawyer that he wasn't

receiving his mail.  *Id*. Plaintiff now brings this action against the named defendants for violation

of several constitutional rights, for his pain and suffering, the destruction of legal documents, and

for neglect. *Id.*

## Standard for Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it

appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove

any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant

therefore is entitled to judgment if there are no allegations in the complaint that, even if proven,

would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be

drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and

unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule

12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are

unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions

cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App.

D.C. 60, 16 F.3d 1271, 276 (1994).

## Argument

**I.      The District of Columbia Department of Corrections is *Non Sui Juris*.**

It is well-established that agencies of the District of Columbia are not suable entities.

*Arnold v. Moore*, 980 F. Supp. 28 (D.D.C. 1997) (citing *Roberson v. District of Columbia Bd. of

Higher Ed.*, 359 A.2d 26, 31 n.4 (D.C. 1976); *Miller v. Spence*, 330 A.2d 250, 251 n. 1 (D.C.

1974)); *Fields v. District of Columbia Department of Corrections*, 789 F. Supp. 20 (D.D.C.

1992).  Because the Department of Corrections is not an independent corporate body, it is *non*

*sui juris*.  As such, all claims against the District of Columbia Department of Corrections must be

dismissed because the real party in interest is the District of Columbia.

**II.      The District of Columbia Should Not Be Substituted as the Party Defendant in this Matter.**

        **A.      Plaintiff has failed to allege sufficient facts to maintain a claim against the District of Columbia under 42 U.S.C. § 1983.**

Plaintiff claims that the District of Columbia is liable for the events set forth in his

complaint. The District of Columbia cannot be held liable for the alleged constitutional violations

of its employees.  Municipal liability under 42 U.S.C. § 1983, is severely limited.  *See Monell v.*

*Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978).  Municipal liability results only

when the municipality itself can be directly charged with fault for an unconstitutional deprivation.

*See Wilson v. Lang*, 526 U.S. 603, 609 (1999); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *County*

*of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1985); and *Baker v. McCollan*, 443 U.S. 137, 146-

47 (1979), holding courts must address the threshold issue in any action brought under § 1983:

"whether the plaintiff has alleged the deprivation of an actual constitutional right at all."

Therefore, municipal liability results only when the policy or custom fairly attributable to the

municipality is the "moving force" behind the particular constitutional violation.  See Polk County

v. Dodson, 454 U.S. 312, 326 (1981) (citing *Monell*, 436 U.S. at 694).

A single instance of unconstitutional activity unrelated to policy is insufficient to impose

liability against a municipality under *Monell*. *See Id; but also see Pembauer v. City of Cincinnati*

475 U.S. 469 (1988) (single act related to policy made by final decision maker may provide basis

for cause of action).  In the case at bar, plaintiff has failed to allege that the complained of

incident was the result of some policy or was so repeated and widespread to result in a practice

of the District of Columbia.  Plaintiff's allegations, as they presently stand, only complain of one

single isolated incident that, even assuming its truth, does not give rise to policy or practice

cognizable as a constitutional violation.  Plaintiff failed to plead, nor can he establish, that the

incident he complains of was the result of the District's customs, practices, and policies.  There

is no factual allegation that policymakers or final decision makers for the District acted with

deliberate indifference, or that there exists a widespread discriminatory practice attributable to

the District that caused plaintiff's harm. *See* Complaint, generally.  *See also, Triplett v. D.C.,* 108

F.3d 1450 (D.C. Cir. 1997).  Furthermore, plaintiff concedes that he was provided with medical

attention.  See plaintiff's Complaint, at page 1, wherein he submits that a nurse looked at his legs

and gave him ice packs for his condition.  As such, the District cannot be held liable for any

claim of deliberate indifference since plaintiff was provided with medical attention.

Consequently, it would be futile to substitute the District as a named party in this action because

it would be entitled to dismissal of plaintiff's constitutional claim against it as a matter of law.

B.    **The allegations in plaintiff's complaint do not rise to the level of a
constitutional violation for which he may receive relief from this defendant
under the Eighth Amendment**.

The Eighth Amendment prohibits the infliction of cruel and unusual punishments on

those convicted of crimes.  In 1976, the Supreme Court first acknowledged that the provision

could be applied to some deprivations that were not specifically part of the prison sentence, but

were suffered during imprisonment.  *Estelle v. Gamble*, 429 U.S. 97 (1976).

For an inmate to suffer an Eighth Amendment violation, the deprivation alleged must

objectively result in the denial of "the minimal civilized measure of life's necessities."  *Farmer*

*v. Brennan*, 511 U.S. 825, 834 (1994) (*quoting Rhodes v. Chapman*, 452 U.S. at 347).  The D.C.

Circuit Court of Appeals has held that "the 'deprivations' that trigger Eighth Amendment

scrutiny are deprivations of essential human needs." *Women Prisoners of the District of Columbia Department of Corrections v. District of Columbia*, 93 F.3d 910, 928 (D.C. Cir. 1996) (*quoting Occoquan v. Barry*, 844 F.2d 828, 836 (D.C. Cir. 1988)).

The Supreme Court has developed a two-prong test to determine when prison conditions violate the Eighth Amendment. First, the alleged deprivation must be sufficiently serious, meaning that the prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Farmer,* 511 U.S. at 834 (1994) (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Second, the prison official must have a "sufficiently culpable state of mind." *Id.* (*quoting Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).

The plaintiff's complaint does not state facts that can satisfy either prong of this test. First, the plaintiff has not alleged a sufficiently severe depravation to state an Eighth Amendment violation. To state a claim for cruel and unusual punishment in the medical context, it is well-settled that the plaintiff must allege, at a minimum, "deliberate indifference to serious medical needs" or conduct that amounts to "unnecessary and wanton infliction of pain." *Cox v. District of Columbia*, 834 F.Supp. 439, 441 (D.D.C. 1992). Furthermore, "in order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 442.

In *Cox*, the plaintiff claimed that he was deprived of a timely refill for his glaucoma medication on approximately twelve occasions, each interval lasting between three and fourteen days. *Id.* at 440. He further alleged that this deprivation cased him to suffer "great mental anguish and fear, … substantial physical pain in his head and eyes, as well as blurred vision." *Id.* (ellipses in original). The court held that, although the medical need was serious, the "allegations of delay by themselves do not meet the standard of showing either harm to the

5

plaintiff or evidence of deliberate indifference." *Id.* at 442.  The court concluded that,

"[u]ltimately, here, there is no evidence of deliberate indifference even approaching the

circumstances previously noted by the Estelle Court as meeting that definition." *Id.* at 443; *see*

*also Herndon v. Whitworth*, 924 F. Supp. 1171, 1173 (N.D. Ga. 1995) (no Eighth Amendment

violation where plaintiff, despite repeated complaints, was provided wrong medication and

suffered several epileptic episodes as a result); *Bryan v. F.C.I. Otisville*, 897 F. Supp. 134, 137

(S.D.N.Y. 1995) (no Eighth Amendment violation where plaintiff allegedly was denied

prescription medication for three days despite his repeated requests; his complaints of fever,

insomnia, and infection were ignored; and he suffered fever and developed mouth infection);

*Nolley v. County of Erie*, 776 F. Supp. 715, 740 (W.D.N.Y. 1991) (no Eighth Amendment

violation where prison official failed to provide AZT "at times" to HIV-positive inmate); *Glover*

*v. Ridley*, No. 93-492 SSH, 1994 U.S. Dist. Lexis 1031 (D.D.C. 1994) (no Eighth Amendment

violation where prison pharmacy failed to provide AZT on one occasion to an HIV-positive

prisoner).

　　　　Here, the plaintiff alleges that he was taken to "medical" where the nurse told him "I

don't see any swelling," the nurse gave him two broken ice packs and sent him back to work. *See*

Complaint, generally. He further alleges that he experienced pain and suffering until he received

his first pain relief medicine and two knee braces. *Id.* Even making all reasonable inferences in

favor of the plaintiff, it is abundantly clear that the plaintiff has not stated a severe enough

depravation to trigger Eighth Amendment protections. When compared to other Eighth

Amendment rulings regarding adequate medical care, it is clear that the plaintiff cannot satisfy

his burden of proof in establishing a constitutional violation.

6

In cases arising out of prison conditions, the state of mind required to state an Eighth

Amendment violation is one of subjective "deliberate indifference" to inmate health and safety.

*Farmer*, 511 U.S. at 834 (*quoting Wilson v. Seiter*, 501 U.S. at 302-03)). The source of this

requirement is "the Eighth Amendment itself, which bans only cruel and unusual *punishment*."

*Wilson*, 501 U.S. 300 (emphasis in original).  "If the pain inflicted is not formally meted out *as*

*punishment* by the statute or the sentencing judge, some mental element must be attributed to the

inflicting officer before it can qualify."  *Id.* (emphasis in original).

The "mental element" that must be proven is a stringent requirement.  In cases involving

prison conditions, to which the plaintiff's action is most applicable, the subjective test has been

described by the Supreme Court as follows:

> a prison official cannot be found liable under the Eighth Amendment for denying
> an inmate humane conditions of confinement unless the official knows of and
> disregards an excessive risk to inmate health or safety; the official must both be
> aware of the facts from which the inference could be drawn that a substantial risk
> of serious harm exists, and he must also draw the inference.  *Farmer*, 511 U.S. at
> 837.

Here, the plaintiff has not alleged any facts to suggest that District officials were

deliberately indifferent to any serious medical risks.  His complaint contains only

conclusory statements that this defendant's actions were "of the nature of  deception, deceit, and

denial." *See* Complaint, generally. Plaintiff does not allege a single fact that could support this

bald assertion.  At best, plaintiff can only show that he did not agree with the methods used by

"the nurse" to address his medical concerns.

An allegation of delay of medical care, in and of itself, cannot satisfy the stringent

requirements to make out an Eighth Amendment claim.  *Cox*, 834 F.Supp. at 442.  When

compared with other cases in which courts have found no objectively serious Eighth Amendment

violation, the plaintiff's allegations clearly do not state a claim.  If the plaintiff in *Cox*, who was

deprived his glaucoma medication on twelve occasions, each interval lasting between three and fourteen days, causing severe pain and blindness, did not suffer an Eighth Amendment violation, it is certain that the plaintiff in this case did not suffer an Eighth Amendment violation. *Cox,* 834 F.Supp. at 441. Similarly, if the plaintiff in *Bryan,* who was denied prescription medication for three days, and suffered fever, insomnia, and mouth infection, could not state an Eighth Amendment violation, it is clear that the plaintiff has not sufficiently alleged such a claim. *Bryan,* 897 F. Supp. at 137. Even a plaintiff who was denied the live-saving medication for AIDS was unable to state a claim for relief under the Eighth Amendment. *See, e.g., Nolley*, 776 F. Supp. at 740. As such, it is clear that the plaintiff has not stated an Eighth Amendment violation, based on inadequate medical care, upon which relief can be granted.

C. **Plaintiff Has Failed to Plead Damages Caused As a Result of The Alleged Constitutional Violation.**

Although a prisoner has a constitutional right to access to the courts, in order to be entitled to damages, he must allege actual injury. *See Lewis v. Casey,* 518 U.S. 343, 349 (1996). In *Lewis*, the Court found that *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance," and that in order to show actual injury, a prisoner had to demonstrate how the alleged shortcoming hindered his efforts to pursue a legal claim. *Id.* at 351.

In this case, plaintiff simply alleges that legal documents were destroyed. *See* Complaint, generally. Plaintiff does no indicate who destroyed his legal documents, what claims he was pursuing (e.g., parole, reconsideration of sentence, appeal, etc.), or how he was specifically harmed by the District. See Complaint, generally. Consistent with *Lewis,* plaintiff's failure to identify what harm was caused by the alleged violation of his constitutional rights by the District, defeats his claim as a matter of law.

**D.**     **The Plaintiff's Common Law Claims Should be Dismissed for Lack of Jurisdiction.**

The plaintiff's complaint appears to state a common law claim for negligence against the

District.  *See* Complaint, generally.  Absent any constitutional or federal statutory claims, this

Court may decline to exercise supplemental jurisdiction over the common law claims asserted by

the plaintiff.  *See* 28 U.S.C. § 1368(c)(3).  Furthermore, the Supreme Court has written that, once

federal claims have been dismissed, a District Court *should* dismiss pendent state law claims.

In *Gaubert v. Gray*, 747 F. Supp. 40 (D.C. Cir. 1990), the D.C. District Court dismissed the

plaintiff's constitutional claims on the grounds of qualified immunity.  *Id.* at 50. Noting that

"pendent jurisdiction is a doctrine of discretion, not of plaintiff's right," the court also dismissed

the plaintiff's four common law claims.  *Id.*  Citing the Supreme Court's decision in *United Mine*

*Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the District Court held that needless

decisions of state law should be avoided both as a matter of comity and to promote justice

between the parties, by procuring for them a surer-footed reading of applicable law.  Certainly, if

the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional

sense, the state claims should be dismissed as well.  *Gaubert*, 747 F. Supp. at 50.

In this case, plaintiff has failed to plead viable constitutional claims against the District.

As such, the plaintiff will not be prejudiced by dismissal of his common law claims in this

matter.

### Conclusion

The District of Columbia Department of Corrections is *non sui juris*.  The District of

Columbia should not be substituted as the proper party defendant because plaintiff failed to allege

sufficient facts to maintain a claim under 42 U.S.C. § 1983 against the District.  The allegations in

plaintiff's complaint do not rise to the level of a constitutional violation, plaintiff failed to plead

damages caused as a result of the constitutional violations and any common law claims should be

handled by the state court.  Therefore, dismissal of this action is appropriate.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

      /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

      /s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 727-6295
Leticia.Valdes@dc.gov

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

Samuel A. Ross,

      Plaintiff,

  v.

Department of Corrections, *et al.*,

      Defendants.

C.A. No.: 06-0593 (CKK)

**ORDER**

    Upon consideration of the Department of Corrections' Motion to Dismiss Plaintiff's

Complaint, Memorandum of Law, plaintiff's response thereto, if any, and the record herein, it is

this _____ day of _____, 2006,

    ORDERED:    that Department of Corrections' Motion to Dismiss is hereby GRANTED

for the reasons set forth in their motion, and it is,

    FURTHER ORDERED: that plaintiff's Complaint is dismissed with prejudice; and it is,

    FURTHER ORDERED:  that the District of Columbia shall not be substituted as the party

defendant in this litigation.

                    _____
                    Judge Colleen Kollar-Kotelly

Copy to:

Mr. Samuel A. Ross
DC-DOC 211-239
1901 E. Street, S.E.
Washington, D.C. 20003