UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Bro. Samuel A. Ross 211239
1901 E St. S.E.
Washington, D.C. 20003
    PLAINTIFF,

V.

THE DISTRICT OF COLUMBIA,
1901 D AND 1901 E Sts. S.E.
Washington, D.C. 20003
    DEFENDANTS,

CIVIL ACTION NO. 060593

PLAINTIFF, BRO. SAMUEL A. ROSS' MOTION TO DENY DEFENDANTS' MOTION TO DISMISS, AND TO ACKNOWLEDGE THE DISTRICT OF COLUMBIA, AS THE CHIEF DEFENDANT

    Plaintiff, Bro. Samuel A. Ross humbly and respectfully moves that this Honorable Court would deal patiently with Plaintiff's Complaint on the following grounds:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRO. SAMUEL A. ROSS 211239
1901 E St S.E.
WASHINGTON, D.C. 20003
        Plaintiff

V.

CIVIL CASE No. 060593

THE DISTRICT OF COLUMBIA
1901 D AND 1901 E sts. S.E.
WASHINGTON, D.C. 20003
        DEFENDANTS

PLAINTIFF, SAMUEL A. ROSS' MOTION TO DENY
DEFENDANT'S MOTION TO DISMISS, AND TO
ACKNOWLEDGE THE DISTRICT OF COLUMBIA AS THE
CHIEF DEFENDANT

PLAINTIFF, BRO. SAMUEL A. ROSS RESPECTFULLY MOVES THAT THIS COURT WOULD PATIENTLY DEAL WITH PLAINTIFF'S COMPLAINT ON THE GROUNDS OF LIMITED ACESS TO THE LAW LIBRARY AND THE FACT THAT HIS GRIEVANCES PRETAINING TO THIS CASE ARE STILL BEING UNANSWERED

②    Plaintiff has also found that the INFORMATION that WAS SENT ON HOW TO WRITE OUT A COMPLAINT WAS NOT thorough (WHICH WAS NOT PURPOSELY DONE) WHICH LEFT BOTH DEFENDING PARTIES IN A POSITION OF EXTRICATION (By CLAIMING ENTITY)

PAGE 1 OF 10
Case 1:06-cv-00593-CKK   Document 21-2   Filed 08/09/2006   Page 3 of 11
Case 1:06-cv-00593-CKK   Document 20   Filed 06/29/2006   Page 2 of 11
JUNE 22, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRO. SAMUEL A. ROSS-211239
1901 E St S.E.
WASHINGTON, D.C. 20003
    PLAINTIFF,

V.

THE DISTRICT OF COLUMBIA,
1901 D AND 1901 E sts. S.E.
WASHINGTON, D.C. 20003
    DEFENDANTS,

CIVIL ACTION NO. 060593

THIS MOTION IS COMPRISED OF; THE FULL COMPLAINT, OPPORTUNITY OF RELIEF AND A MOTION TO PROCEED.
ORIGINALLY WRITTEN MAY 16, 2006

   IN THIS MOTION DEFENDANT SHALL RECIEVE A CHART INDICATING EVERY STEP TAKEN BY PLAINTIFF TO EXHAUST HIS ADMINISTRATIVE REMEDIES, AND THE PLAINTIFF'S COMPLAINT TO HIS FULLEST RECOLLECTION. THE CHART WILL SHOW THERE WAS NO OTHER AVENUE TO TAKE.

   IN THE CASE OF PLAINTIFF, BRO. SAMUEL A. ROSS V. THE DEFENDANT, THE DISTRICT OF COLUMBIA, THE PLAINTIFF MAKES THE FOLLOWING COMPLAINTS.

## Complaint

① On Monday July 25, 2005 around 7:30 am while at the District of Columbia, Department of Corrections, (C.T.F./CCA) Corrections Treatment Facility, Corrections Corperation of America Plaintiff was being escorted by an Ofc. Jones from his cell block to the culinary as Plaintiff was walking down the hall to the kitchen Plaintiff slipped and fell to the floor (the floor was covered with; grease, grits, water and other food particles) injuring both knees, his lower back, and his right wrist, Plaintiff was helped back to his feet by Ofc. Jones and the other inmate (who was also being escorted) as Plaintiff entered the kitchen he was yelled at to "get to work" as Plaintiff walked away towards sink area to wash the food off of his self, by the time Plaintiff got to the desk to sign in Ofc. Jones was told to take Plaintiff to medical, the other inmate told them they need to post some wet floor signs.

② As the Plaintiff waited painfully and patiently to find out if anything was fractured or sprained he watched the nurse and the officer talk behind a glass wall, Plaintiff waited from 7:45 am until approximately 10:15 am. The nurse called the Plaintiff into her office and asked the Plaintiff to pull up his pant legs as she watched she replied "I don't see any swelling" took the Plaintiff's blood pressure and temperature gave Plaintiff two broken ice packs (for what if there was no swelling?) and told Plaintiff to "go back to work"

PLAINTIFF ASKED "WHAT ABOUT MY BACK AND WRIST"? THE NURSE TURNED AND WALKED AWAY. WHEN THE NURSE WAS IN THE PLAINTIFFS' sight again HE ASKED FOR "A COPY of everything that took place" AND THE NURSE REPLIED "GET IT FROM THE OFFICER" THEN THE PLAINTIFF ASKED FOR "Something for THE PAIN" BUT THE NURSE JUST WALKED AWAY.

③  AS PLAINTIFF WAITED FOR CULINARY ESCORT, HE Caught AN OFFICER THAT WAS Going IN THE SAME DIRECTION OF HIS BLOCK, AND It WAS THEN WHEN PLAINTIFF TRIED to GET SOME form of RELIEF AGAINST the ACTIONS OF THE NURSE. THE PLAINTIFF WAS TOLD BY OFFICER Williams TO WRITE AN INJURY REPORT, AFTER A full DAY of REQUESTING MEDICATION AND GETTING NO RESPONSE PLAINTIFF started writing GRIEVANCES AND WRITING Attorneys, (SAMUEL M. SHAPIRO, D.C. PRISONERS LEGAL SERVICES AND TEMPLE LAW) THIS IS WHEN PLAINTIFF found out HIS MAIL WAS BEING TAMPERED WITH. THESE AND OTHER LETTERS AND I.G.P.'s THAT WERE WRITTEN ARE ON THE CHART that I'm SENDING You AND THE DEFENDANT. I APPRECIATE Your Patience! THANK You

WITH MUCH RESP
PLAINTIFF, BRO. SAMUEL A

Bro. Samuel

## COUNT 1    DESTRUCTION OF LEGAL DOCUMENTS

Sinse the finding out that the facility's mail room was destroying plaintiff's paperwork, plaintiff began to worry, wonder and stress because he wasn't getting a response from legal help and when he did everyone claimed to be over booked

## COUNT 2    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Even after bringing the mail situation to the wardens attention mail marked offical business was still being opened or tampered with, which made plaintiff stressed out and wonder if he was recieveing all his mail.

## COUNT 3    NEGLEGENCE

Facility failed to open mail infront of inmate even after being fore-warned by warden and plaintiff.

## COUNT 1    NEGLEGENCE

THE ACTIONS, ATTITUDE AND STATEMENTS MADE BY THE NURSE AND HER FAILURE TO ATTEND TO AND CARE FOR PLAINTIFF PROPERLY HER FAILURE TO EXCERCISE THE DEGREE OF CARE CONSIDERED REASONABLE UNDER THE CIRCUMSTANCES.

## COUNT 2    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

THE CONSTANT IGNORING OF PLAINTIFF'S SICK CALL SLIPS UNTIL HIGHER OFFICIALS GOT WORD AS PLAINTIFF'S CONDITION GOT WORST. (AND THEY ARE STILL IGNORING MY SICK CALL SLIPS.)

## COUNT 3    PAIN AND SUFFERING

PLAINTIFF HAS TROUBLE SITTING, STANDING AND STREIGHTENING HIS BACK WHEN HE STANDS (PAIN IN BOTH KNEES AND LOWER BACK.)

COMPLAINT I (CONTINUED)

## COUNT 1 SECURITY AND WELLBEING

PLAINTIFF STRONGLY BELIEVES THAT IF SIGNS WERE POSTED IT WOULD HAVE ALERTED HIM MENTALLY TO BE EVEN MORE CAREFUL THEN HE ALREADY WAS.

## COUNT 2 UNSAFE WORKING CONDITIONS

PLAINTIFF WAS EXPECTING THE TRAYS TO BE CLEANED IN THE HALLWAY (BECAUSE OF THE FALL OF Lt. PETRO TRAYS WERE TO BE CLEANED IN TRAY ROOM ONLY PER SGT. KENNEDY) THEY THE STAFF ALLOWED INMATES TO NEGLECT ORDERS.

## COUNT 3 NEGLEGENCE

IF SECURITY WHICH WAS HIRED FOR THIS PARTICULAR PURPOSE AND AREA WAS ON TOP OF IT'S JOB AND TRAINING SIGNS WOULD HAVE BEEN POSTED.

① **CONSTANT PAIN IN BOTH KNEES**

It takes Plaintiff 15-20 minutes to get out of bed most of the time it's worst if Plaintiff doesn't get medication, it's a must that he grab hold of something to stand-up.

② **LOWER BACK PAIN**

At night it takes close to an hour before the Plaintiff can find a position and relax and fall asleep and thats with or without medication and Plaintiff has problems when attempting to just stand straight up.

③ **DESTRUCTION OF LEGAL DOCUMENTS**

Plaintiff feels if I.G.P. Officers were doing their job and not showing neglegence with his paperwork this problem could have been solved through the administrative remedies

④ **SECURITY AND WELL BEING**

Plaintiff believes if wet floor signs would have been posted he would have been extra careful both mentally and physically.

RESCUE FROM COMPLAINT (CONT.)

① **CONSTANT PAIN IN BOTH KNEES**

WALKER V. BENJAMIN,
293 F.3d 1030, 1037-39 (7th Cir. 2002)

HARRIS V. HEGMANN,
198 F.3d 153, 159-60 (5th Cir. 1999)

McELLIGOTT V. FOLEY,
182 F.3d 1248, 1256 (11th Cir. 1999)

② **LOWER BACK PAIN**

WALKER V. BENJAMIN,
293 F.3d 1030, 1037-39 (7th Cir. 2002)

HARRIS V. HEGMANN,
198 F.3d 153, 159-60 (5th Cir. 1999)

McELLIGOTT V. FOLEY,
182 F.3d 1248, 1256 (11th Cir. 1999)

③ **DESTRUCTION OF LEGAL DOCUMENTS**

JOLIVET V. DELAND,
966 F.2d 573, 577 (10th Cir. 1992)

TODASPRASHAD V. BUREAU OF PRISONS
286 F.3d 576, 584 (D.C. Cir. 2002)
AND THE VIOLATION OF PLAINTIFF'S 1ST AMENDMENT

④ **SECURITY AND WELLBEING**
DUE TO LACK OF TIME AND ACCESS TO LAW LIBRARY
NOTHING YET.

## PLAINTIFF'S REQUEST FOR RECOVERY

FOR COMPLAINTS ① AND ②, COUNTS 1, 2 AND 3 OF BOTH COMPLAINTS PLAINTIFF WILL REQUEST $1,750,000.00 FOR RECOVERY.

FOR COMPLAINT ③, COUNTS 1, 2 AND 3 PLAINTIFF WILL REQUEST $1,750,000.00 FOR RECOVERY.

## MOTION TO PROCEED

IF TAKEN TO COURT PLAINTIFF WILL REQUEST FOR RECOVERY;

FOR COMPLAINTS ① AND ②, COUNTS 1, 2 AND 3 OF BOTH COMPLAINTS
$5,500,000.00

FOR COMPLAINT ③, COUNTS 1, 2 AND 3
$5,500,000.00