UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMUEL A. ROSS,

    Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

Civil Action No. 06-593 (CKK)

## MEMORANDUM OPINION

Plaintiff, an inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated by Defendants, the District of Columbia Department of Corrections and the Corrections Corporation of America. Before the Court is the Department of Corrections' motion to dismiss.[1] Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the motion will be granted.

### I.

Plaintiff is incarcerated at the District of Columbia Jail. Compl. at 1. He alleges that on July 25, 2005, he was working in the culinary unit at the jail when he slipped on the floor and fell. *Id.* According to Plaintiff, the floor was covered with grease, water, and food particles. *Id.* As a result, he suffered injuries to his knees, back and right wrist. *Id.*

---

[1] The Corrections Corporation of America has answered the complaint but not filed a dispositive motion.

Plaintiff was taken to the medical unit and examined by a nurse. *Id.* He claims that the nurse said there was no swelling in his legs, gave him ice packs, and sent him back to work. *Id.* Because he was in pain, Plaintiff returned to the cell block and borrowed some ibuprofen. *Id.* Thereafter, Plaintiff states that he wrote grievances and sick call slips, but received no response from jail personnel. *Id.*

Plaintiff also claims that the jail has interfered with his legal mail. *Id.* at 1, 2. The complaint seeks monetary damages on the ground that the medical treatment was cruel and unusual punishment and that the alleged destruction of his legal documents violated Plaintiff's constitutional rights. *Id.* at 2.

## II.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant moves to dismiss because Plaintiff has failed to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C.Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C.Cir. 2003). A court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C.Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C.

Cir. 2003), *cert. denied*, 540 U.S. 1149 (2004); *Holy Land Found. for Relief & Development v. Ashcroft*, 333 F.3d 156, 165 (D.C.Cir. 2003), *cert. denied*, 540 U.S. 1218 (2004); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

In resolving a motion to dismiss for failure to state a claim, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, *pro se* plaintiffs are not required to use specific legal terms or phrases, and the Court "will grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir. 1994).

### III.

The Department of Corrections moves to dismiss because agencies of the District of Columbia are not subject to suit. Defendant is correct. *See Foggy Bottom Ass'n v. Dist. of Columbia Office of Planning*, 441 F. Supp. 2d 84, 88 (D.D.C. 2006); *Cmty. Hous. v. Dep't of Consumer & Regulatory Affairs*, 257 F. Supp. 2d 208, 217 (D.D.C. 2003). Therefore, the District of Columbia is the only proper party in this litigation.

Since a *pro se* plaintiff should be given the opportunity to amend the complaint to fix any deficiencies, the case will not be dismissed for failure to name the District of Columbia as a party. *See Watkins v. Holt*, No. 05-1565, 2006 WL 2331090, at *1 n. 2 (D.D.C. Aug. 10, 2006); *Benham v. Rice*, No. 03-1127, 2005 WL 691871, at *3 (D.D.C. Mar. 24, 2005). Although plaintiff has not moved to amend his complaint, in the interests of judicial economy, the Court will address the remainder of Defendant's asserted grounds for dismissal.

The Department of Corrections contends that Plaintiff has failed to state a claim for municipal liability. Under 42 U.S.C. § 1983, municipalities are only liable for their agents' constitutional torts if the agents acted pursuant to a municipal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A municipality cannot be held liable simply because of the action or inaction of an employee. *Id.* To state a claim that a policy or custom was the cause of the constitutional violation, a plaintiff must allege an "affirmative link," such that a municipal policy was the "moving force" behind the constitutional violation. *Baker v. Dist. of Columbia*, 326 F.3d 1302, 1306 (D.C.Cir. 2003)(citations omitted). A claim that prison officials violated a prisoner's constitutional rights in providing medical care must allege that the municipality was deliberately indifferent to the prisoner's medical needs, i.e. knew or should have known of the risk of a constitutional violation. *Id.* at 1307.

Plaintiff has failed to state a claim for municipal liability. Absent from the complaint is any allegation that the District of Columbia had any direct or indirect involvement in the medical decisions of the prison officials or that Plaintiff's injuries were the result of any policy or custom of the District of Columbia. Moreover, a single incident of unconstitutional conduct, as is alleged here, does not establish a municipal policy or custom. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). Therefore, Plaintiff has failed to state a § 1983 claim of deliberate indifference to his medical needs.

Plaintiff also claims the officials at the D.C. Jail have interfered with his legal mail. This claim implicates a prisoner's right to access to the courts and free speech under the First and Fourteenth Amendments. *Jones v. Brown*, 461 F.3d 353, 359 (3rd Cir. 2006); *Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). To

establish a right of access claim, a plaintiff must show that he was hindered in pursuing a cognizable legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The complaint must allege that plaintiff "actually lost ... [an] otherwise valid legal claim [or] that he is unable to raise such a claim in any other proceeding." *Ali v. Dist. of Columbia*, 278 F.3d 1, 8 (D.C.Cir. 2002).

Plaintiff has not stated that he has been unable to pursue a claim due to interference with his legal mail. He has not alleged the efforts, if any, that he has taken to pursue a claim and how that effort may have been frustrated by jail officials. As a result, this claim will also be dismissed.[2]

### III.

Based on the foregoing, the motion to dismiss filed by the Department of Corrections will be granted. A separate order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

Dated: 11-7-06

---

[2] To the extent that Plaintiff is alleging claims under local law, *see* Compl. at 2, a federal district court may exercise supplemental jurisdiction over a plaintiff's state law claims, but such a decision is a discretionary one. *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C.Cir. 2005), *cert. denied*, 126 S.Ct. 1337 (2006). In light of the dismissal of the federal claim, the Court declines to exercise supplemental jurisdiction over any local law claims. *See Thompson-Bey v. United States*, No. 05-558, 2006 WL 1726755, at *2 (D.D.C. June 22, 2006)(declining to exercise supplemental jurisdiction over common law claims against District of Columbia).