UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Samuel A. Ross,<br><br>        Plaintiff,<br><br>    v.<br><br>Department of Corrections, *et al.*,<br><br>        Defendants. | C.A. No.: 06-0593 (CKK) |

**DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, Corrections Corporation of America (hereafter "CCA"), by and through counsel, respectfully moves this Honorable Court, pursuant to Federal Rules of Civil Procedure 12(c), for an Order dismissing plaintiff's complaint against it on the following grounds:

1.  The allegations in plaintiff's complaint do not rise to the level of a constitutional violation, and plaintiff has not shown that a CCA official policy was the moving force behind his alleged constitutional injury.

2.  Plaintiff failed to allege actual injuries that he suffered as a result of the alleged destruction of legal documents.

3.  The Prison Litigation Reform Act bars plaintiff's claim because he did not suffer a cognizable injury.

4.  Any common law claims should be dismissed for lack of subject matter jurisdiction.

2

In support thereof, this defendant refers this Court to the attached memorandum of points and authorities.

        Respectfully submitted,

        EUGENE A. ADAMS
        Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


     /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


     /s/ Michael P. Bruckheim
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295
Michael.Bruckheim@dc.gov


**CERTIFICATE OF SERVICE**


I hereby certify that on the 8th day of November 2006, a true and correct copy of the

foregoing Motion for Judgment on the Pleadings was sent by first-class mail, postage prepaid to:

Mr. Samuel Ross
DC 211-239
1901 E Street, S.E.
Washington, DC 20003


          \s\
MICHAEL P. BRUCKHEIM
Assistant Attorney General

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Samuel A. Ross,<br><br>      Plaintiff,<br><br>      v.<br><br>Department of Corrections, *et al.*,<br><br>      Defendants. | C.A. No.: 06-0593 (CKK) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

#### Preliminary Statement

Plaintiff, filed the instant action on March 30, 2006, against the Department of Corrections and the Corrections Corporation of America ("CCA"), Central Treatment Facility Culinary, Security and Well Being. Plaintiff alleges that on July 25, 2005, he was working in the "culinary" when he slipped across the floor and fell. *See* Complaint, generally. According to the plaintiff, the floor was covered with grease, water and other food particles. *Id*. Plaintiff states that he was taken to "medical" where he was examined by a nurse. *Id*. After the examination, plaintiff claims that the nurse told him "I don't see any swelling," and he was given two broken ice packs and sent back to work. *Id*.

The plaintiff then alleges that he was in too much pain to return to work so he went back to his block, laid down and borrowed some Ibuprofen. *Id*. Thereafter, plaintiff contends that he started writing grievances and "sick call slips," and that he was told by his lawyer that he wasn't receiving his mail. *Id*. Plaintiff now brings this action against the named defendants for violation of his constitutional rights, including the destruction of legal documents, for neglect, and to recover for his pain and suffering. *Id*.

**Standard for Review**

Under Fed. R. Civ. P. 12(c), after the pleadings are closed, any party may move for judgment on the pleadings. Should the arguments and evidence relied on be limited to the allegations and responses in the pleadings, then Court must apply the same standard as applied for a motion to dismiss. *Nixon v. Sampson,* 580 F.2d 514 (D.C. Cir. 1978); *Dale v. Executive Office of the President,* 164 F. Supp.2d 22 (D.D.C. 2001). Should the court be presented with and accepts any matters beyond, or "outside the pleadings", then the court shall treat the motion as if filed under Fed. R. Civ. P. 56. *Dale,* 164 F. Supp.2d 22. The court, however, may consider or take judicial notice of matters in the general public record, including records and reports of administrative bodies and records of prior litigation. *Haynesworth v. Miller,* 820 F.2d 1245 (D.C. Cir. 1987); *Jane Does I v. District of Columbia and MRDDA,* 2002 U.S. Dist. LEXIS 24171 (D.D.C. 2002), *citing Cinel v. Connick,* 15 F.3d 1338 (5th Cir. 1994).

The Complaint must be liberally construed in favor of the plaintiff, and the plaintiff should receive the benefit of all reasonable inferences that can be drawn from thee facts. *E.E.O.C. v. St. Francis Xavier Parochial School,* 117 F.3d 621 (D.C. Cir. 1997). As demonstrated below, defendant CCA is entitled to judgment on the pleadings.

**Argument**

I.  **The Prison Litigation Reform Act Bars Plaintiff's Claims Against CCA for the Alleged Injuries He Sustained While at CCA.**

The Prison Litigation Reform Act (PLRA) provides that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See* 42 U.S.C. § 1997e(e). The injury required by this statute "'must be more than de minimus [sic], but need not be significant.'" *See Olivas v. CCA,* 408 F. Supp.2d 251; 2006 U.S. Dist. LEXIS 884

2

(N.D. Tex. January 12, 2006), citing *Harper v. Showers*, 174 F.2d 716, 719 (5th Cir. 1999) (quoting *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1977). The *Olivas* plaintiff's allegation that he suffered some pain, and later suffered depression and emotional injury resulting from the loss of his teeth, is insufficient to establish "physical injury" under the PLRA. *See Olivas*, 408 F.Supp.2d at 257.

Plaintiff alleges that he injured both knees, his back, and right wrist when he fell on the floor of the culinary unit at CCA.  Plaintiff avers that he was taken to a nurse who stated that she did not see any swelling and gave him broken ice packs.  He was in too much pain and could not return to work.  Instead, he laid down in his cell and borrowed Ibuprofen for his pain.  See Complaint, at page 1.  According to plaintiff, he remained in pain from July 25, 2005 until January 12, 2006, when he received his first pain relief medicine along with two knee braces.  See Complaint, at page 2.  Plaintiff's complaints of pain are insufficient to establish a physical injury as contemplated by the PLRA.  *See Morgan v. Dallas County Sheriff Dep't*, 2005 U.S. Dist. LEXIS 334, No. 3-04-CV-2172-D, 2005 WL 57282 at 2 (N.D. Tex. Jan. 11, 2005), rec. adopted, 2005 U.S. Dist. LEXIS 18257, 2005 WLl 2075796 (N.D. Tex. Aug. 26, 2005)(allegation of "undue pain ... on a regular basis" insufficient to establish physical injury).  Plaintiff's failure to allege a cognizable injury under the PLRA bars his constitutional claim against CCA for its alleged failure to provide him with adequate medical care.

II. **Plaintiff has failed to allege sufficient facts to maintain a claim against CCA under 42 U.S.C. § 1983**.

   A.   Plaintiff's alleged deprivation of medical care.

Plaintiff claims that CCA is liable for the events set forth in his complaint, i.e. the violation of his constitutional rights, and the injuries he sustained as result thereof.  See Complaint, generally.  Although CCA is a private corporation, it may be sued under 42 U.S.C. §

3

1983 for an alleged constitutional injury because the operation of a prison is a fundamental government function. *See generally Olivas,* 408 F. Supp.2d at 254, *citing Rosborough v. Management & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003) ("We agree with the Sixth Circuit and with those district courts that have found that private prison-management corporations and their employees may be sued under § 1983 by a prisoner who has suffered a constitutional injury.") The standards applicable to determining liability under § 1983 against a municipal corporation are applicable to determining the liability of a private corporation performing a government function. *See Elkridge v. CCA Dawson State Jail*, 2004 U.S. Dis. LEXIS 1615, No. 3:04-CV-1312, M, 2004 WL 1873035, at 2 (N.D. Tex. Aug. 19, 2004) (noting that the five circuits that have addressed the issue have extended liability under *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978) to private corporations).

     In order to prevail on his § 1983 claim against CCA, plaintiff must show: (1) the presence of a policymaker who could be held responsible, through actual or constructive knowledge, for enforcing a policy or custom that caused the claimed injury; (2) the existence of a CCA official custom or policy which could subject it to §1983 liability; and (3) that the corporate action was taken with the requisite degree of culpability, and that there is a direct causal link between the action and the deprivation of his federal rights. *See Olivas,* 408 F.Supp2d at 254. CCA's alleged culpability may be shown either through an unconstitutional official policy or through a facially innocuous policy that was implemented with deliberate indifference to a known or obvious consequence that a constitutional violation would result. *Id., citing Protrowski v. City of Houston,* 237 F.3d 567, 579, *reh'g en banc den'd,* 251 F.3d 159 (5th Cir.), *cert. den'd,* 534 U.S. 820 (2001). However, CCA cannot be held liable for the alleged constitutional violations of its employees. *Olivas,* 408 F.Supp2d at 254, *citing Monell,* 436 U.S. at 691.

Plaintiff has failed to meet his burden of proof. First and foremost, he has failed to identify the deprivation of a constitutional right. Plaintiff allegedly fell on a floor that contained grease, water, and food particles. This claim amounts to no more than simple negligence. Plaintiff acknowledges that he was taken to "medical" where he was examined by a nurse, and given ice packs. Plaintiff has not identified any CCA decisionmaker who knew about the existence of the debris on the floor, or who knew about his complaints for additional medical treatment, but because of deliberate indifference failed to ensure that he received proper medical care. Plaintiff's complaint lacks any identification of a CCA policy that could be affirmatively linked to his injuries. See Complaint, generally.

Plaintiff's failure to plead facts sufficient to maintain his § 1983 claim against CCA, requires dismissal of that claim as a matter of law.

B.      Plaintiff's Denial of Access to the Court Claim.

Plaintiff alleges that while at CCA, prison guards destroyed his legal mail. Plaintiff seeks to hold CCA liable for the alleged destruction of his legal mail. See Complaint, at page 1. As set forth in this Court's November 7, 2006, Memorandum Opinion dismissing the Department of Corrections as a party defendant, plaintiff's claim "implicates a prisoner's right to access to the courts and free speech under the First and Fourteenth Amendment. *See* Mem. Op. at page 4, Docket Entry #24. *See also, Jones v. Brown*, 461 F.3d 353, 359 (3rd Cir. 2006); *Sallier v. Brooks,* 343 F.3d 868, 877 (6th Cir. 2003); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). Plaintiff has failed to plead that he was hindered in pursuing a cognizable legal claim. Instead, he merely claims that his legal mail was destroyed. See Complaint, generally. Absent facts that implicate a denial of his ability to pursue a cognizable legal claim, or a CCA policy which is

5

affirmatively linked to plaintiff's denial of access to the Court, plaintiff's claims against CCA fail as a matter of law.

### III. The Court Should Decline Supplement Jurisdiction Over Plaintiff's Common Law Claims.

The plaintiff's complaint appears to state a common law claim for negligence against CCA for the conduct of its employees. *See* Complaint, generally. Absent any constitutional or federal statutory claims, this Court may decline to exercise supplemental jurisdiction over the common law claims asserted by the plaintiff. *See* 28 U.S.C. § 1368(c)(3). Furthermore, the Supreme Court has written that, once federal claims have been dismissed, a District Court *should* dismiss pendent state law claims. "Pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." See *Gaubert v. Gray*, 747 F. Supp. 40, 50 (D.C. Cir. 1990). Citing the Supreme Court's decision in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the District Court held that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. *Gaubert*, 747 F. Supp. at 50. In this case, plaintiff has failed to plead a viable constitutional claim against CCA, and the Court should refuse to assert supplemental jurisdiction over his common law claims in this matter.

## Conclusion

For the reasons set forth above, this Court should grant CCA's motion for judgment on the pleadings.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


    /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


    /s/ Michael P. Bruckheim
MICHAEL P. BRUCKHEIM
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295
Michael.Bruckheim@dc.gov

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

Samuel A. Ross,

      Plaintiff,

   v.

Department of Corrections, *et al.*,

      Defendants.

C.A. No.: 06-0593 (CKK)

## **ORDER**

Upon consideration of the Corrections Corporation of America's Motion for Judgment on the Pleading, Memorandum of Law, plaintiff's response thereto, if any, and the record herein, it is this ____ day of _____, 2006,

ORDERED:   that the Corrections Corporation of America's Motion is hereby GRANTED for the reasons set forth in their motion, and it is,

FURTHER ORDERED: that plaintiff's Complaint is dismissed with prejudice.

_____
Judge Colleen Kollar-Kotelly

Copy to:

Mr. Samuel Ross
DC 211-239
1901 E Street, S.E.
Washington, DC 20003